IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jeffrey Wayne Brown, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No. 0:25-cv-12749-BHH |
| v. | ) | |
| | ) | **ORDER** |
| Warden, FCI Edgefield, | ) | |
| | ) | |
| Respondent. | ) | |
| ___________________________________ | ) | |

This matter is before the Court upon Petitioner Jeffrey Wayne Brown's ("Petitioner") *pro se* petition for habeas corpus, filed pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On October 17, 2025, Magistrate Judge Paige J. Gossett filed a Report and Recommendation ("Report") outlining the issues and recommending that the Court summarily dismiss this petition without prejudice and without issuance and service of process. (ECF No. 5.) On October 31, 2025, Petitioner filed objections to the Report. (ECF No. 8.)

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

As the Magistrate Judge outlined in her Report, Petitioner is currently serving a sentence at the Federal Correctional Institute in Edgefield, South Carolina, and in this § 2241 petition, he asserts that the Bureau of Prisons ("BOP") is improperly denying him the ability to earn credits under the First Step Act of 2018 ("First Step Act"), based on the nature of his conviction. Thus, Petitioner seeks a declaration from the Court that his convictions do not disqualify him from earning First Step Act credits and a recalculation of his sentence.

In the Report, the Magistrate Judge found Petitioner failed to show a basis for relief because he admits that he pleaded guilty to and was convicted of violations of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), (b)(1)(C), and 846, but a prisoner is not eligible to earn credits under the First Step Act if he is serving a sentence for:

> (lxvi) Subparagraph (A)(vi) or (B)(vi) of section 401(b)(1) of the Controlled Substances Act (21 U.S.C. § 841(b)(1)) or paragraph (1)(F) or (2)(F) of section 1010(b) of the Controlled Substances Import and Export Act (21 U.S.C. § 960(b)), relating to manufacturing, distributing, dispensing, or possessing with intent to manufacture, distribute, or dispense, a mixture or substance containing a detectable amount of [fentanyl], or any analogue thereof.

18 U.S.C. § 3632(d)(4)(D)(lxvi). The Magistrate Judge explained: "Petitioner's conviction under § 841(b)(1)(B) falls squarely within the statutory list of convictions that render a prisoner ineligible to earn First Step Act credits," and noted that "[c]ourts within this circuit have consistently agreed that petitioners convicted under § 841(b)(1)(B) are not eligible to earn First Step Act credits." (ECF No. 5 at 3 (citing *Adams v. Warden*, No. 6:25-1151-JD-KFM, 2025 WL 1886362, at *3-4 (D.S.C. Apr. 14, 2025) (recommending summary dismissal on a substantially similar claim and collecting cases), *adopted by* 2025 WL 1884116 (D.S.C. July 8, 2025)).)

In his objections to the Report, Petitioner asserts that the Magistrate Judge misread 18 U.S.C. § 3632(d)(4)(D)(lxvi) and conflated all convictions under 21 U.S.C. § 841(b)(1)(B) with the limited subsections that expressly disqualify "100 grams or more" of fentanyl. (ECF No. 8 at 1.) Also according to Petitioner, the Magistrate Judge erred by failing to consider the specific language in his judgment and by ignoring his concurrent conviction under § 841(b)(1)(C). Next, Petitioner asserts that the Magistrate Judge relied on inapposite case law, and he further contends that his failure to exhaust administrative remedies should be excused as futile. Lastly, Petitioner asserts that this Court owes no deference to the BOP's interpretation of the FSA and must apply the plain text *de novo*.

After *de novo* review, the Court finds Petitioner's objections unavailing, and the Court agrees with the Magistrate Judge's analysis. Indeed, the Court finds that the Magistrate Judge appropriately summarized the facts and correctly applied the law, and nothing in Petitioner's objections leads the Court to reach a different conclusion.

As an initial matter, the Court notes that the Magistrate Judge made no findings as to exhaustion, contrary to Petitioner's objections. Next, the Court notes that Petitioner's objection that *Adams* involved 100 grams or more under (B)(vi) is simply incorrect. *See Adams*, 2025 WL 1886362, at *3 (finding *Adams* ineligible to earn additional time credits under the FSA where he "pled guilty to distribution of 40 grams or more of a mixture containing a detectable amount of fentanyl in violation of 21 U.S.C. § 841(a) and was sentenced pursuant to 21 U.S.C. § 841(b)(1)(B)"). Likewise, Petitioner's assertion that the fentanyl threshold requires more than 100 grams under § 841(B)(1)(B)(vi) is inaccurate as that subsection plainly refers to "40 grams or more of a mixture or substance containing a detectable amount of [phentanyl]." 21 U.S.C. § 841(b)(1)(B)(vi). Ultimately, the Court

agrees with the Magistrate Judge that, "[d]espite Petitioner's insistence otherwise, Petitioner's conviction under § 841(b)(1)(B) falls squarely within the statutory list of convictions that render a prisoner ineligible to earn First Step Act credits." (ECF No. 5 at 3.) As such, the Court finds that Petitioner has failed to show a basis for relief under § 2241.

Based on the foregoing, the Court **adopts and incorporates** the Magistrate Judge's Report (ECF No. 5); the Court **overrules** Petitioner's objections (ECF No. 8); and the Court **dismisses** this petition without prejudice and without requiring Respondent to file a return.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

September 21, 2026
Charleston, South Carolina